300 So.2d 317 (1974)
Roger Ray BURNS, Appellant,
v.
STATE of Florida, Appellee.
No. 72-422.
District Court of Appeal of Florida, Second District.
September 20, 1974.
James A. Gardner, Public Defender, and Mary Jo M. Gallay, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
MANN, Chief Judge.
Burns was charged with larceny of a calf under Florida Statute Section 811.11 (1971). At arraignment, the Assistant Public Defender assigned to represent him tendered a plea of guilty to grand larceny. The plea was accepted after a colloquy between the trial judge and the defendant in which the defendant's rights were patiently explained to him and the record shows conclusively that he knowingly and intelligently waived them. This disposes of the first two contentions in Burns' petition for post-conviction relief.
Burns' third contention is that he was inadequately represented by counsel. The record on this direct appeal does not substantiate this claim. If there is any violation *318 of the Sixth Amendment which Burns wishes to raise specifically, he is at liberty to do so pursuant to CrPR 3.850 in a petition directed to the trial court.
What troubles us about this case is that Burns was adjudicated guilty of the offense of grand larceny although he was originally charged with larceny of a calf under a statute since repealed. Both carry the same maximum sentence, five years.[1] However, Fla. Stat. § 811.11 (1969) requires a minimum 2-year sentence for larceny of a calf, a provision not applicable to grand larceny. Consequently, the acceptance by Burns' counsel of the opportunity to plead to grand larceny may have constituted a cunning ploy. It certainly is harmless.
We are thus confronted with the question whether to treat the adjudication of guilt and the sentence entered thereupon as void or to treat the proceedings conducted in open court and duly recorded as constituting a mutually agreeable amendment of the accusatory writ. Under the peculiar circumstances of this case we think the latter course is proper. We are aware that the Attorney General has long advised that a new affidavit be filed before a magistrate accepts a plea to a lesser offense.[2] In the present case we think it proper to treat the proceedings as an amendment of the accusatory writ. All parties agreed, and the offense to which the judgment relates was less severe than that charged in the sense that it did not require a minimum penalty. If the situation were such that, following the reception of the plea, the trial court sentenced Burns to one year's imprisonment, we doubt that the state should be heard to complain that the offense originally charged carried a two year minimum sentence. If reason exists for vacation of the judgment pursuant to Rule 3.850 CrPR, Burns is at liberty to make such a showing. However, there being a full record of acquiescence on both sides to the plea of guilty of grand larceny, we treat the information as amended in open court and affirm the judgment entered thereon.
Affirmed.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] See Fla. Stat. § 811.021(1)(d) (1969) and § 811.11 (1969).
[2] Op.A.G. 049-81, Op.A.G. 058-46. See also Keesee v. State, Fla.App. 4th 1967, 204 So.2d 925, in which a plea was accepted to the offense charged but a judgment was entered on a similar offense arising under a different chapter of the statutes. Our sister court vacated that judgment.