456 So.2d 503 (1984)
Wayne A. BRLECIC, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2130.
District Court of Appeal of Florida, Second District.
August 31, 1984.
Rehearing Denied October 2, 1984.
Jerry Hill, Public Defender, Bartow, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Wayne A. Brlecic appeals from his convictions and sentences for criminal mischief, first degree burglary, and aggravated assault.
The state filed two separate informations against appellant. In case # 83-761, appellant was charged with criminal mischief, a violation of section 806.13, Florida Statutes (1981). In case # 83-1050, appellant was originally charged in a two-count information with first degree burglary, a violation of section 810.02, Florida Statutes (1981), and aggravated assault, a violation of section 784.021, Florida Statutes (1981). The information in case # 83-1050 was subsequently amended, however, to allege that
WAYNE BRLECIC ... unlawfully and without invitation or license did enter or remain in that certain structure, the dwelling of Ingrid Gause, located at 1711 James Street, New Port Richey, Pasco County, Florida, the property of Ingrid Gause with the intent to commit an offense therein, to-wit [sic]: assault, the said structure at the time not open to the public; contrary to Chapter 810.02(3), Florida Statutes, and against the peace and dignity of the State of Florida.
COUNT TWO
... WAYNE BRLECIC ... did then and there intentionally and unlawfully threaten to do violence to Ingrid Gause while then having the apparent ability to carry out said threat and did create a well-founded fear in Ingrid Gause that such violence was imminent and in the *504 commission of said assault did use a deadly weapon, to-wit [sic]: a knife, the said WAYNE BRLECIC at the time of the said assault not having the intent to kill Ingrid Gause... .
Pursuant to a plea agreement, appellant, through his counsel, entered guilty pleas to criminal mischief, first degree burglary, and aggravated assault. It was agreed that appellant would receive thirty years for the burglary and five years each for criminal mischief and aggravated assault, all sentences to run concurrently. During the plea hearing, the trial court specifically asked appellant if he understood that the burglary charge was a first degree felony carrying a possible sentence of life imprisonment, to which appellant responded in the affirmative. In addition, the factual basis established in conjunction with the plea reveals the allegation that appellant committed an assault while in the dwelling. The court also conducted the following colloquy with appellant:
THE COURT: And specifically you do acknowledge that you entered the structure, the dwelling of Ingrid Gause at 1711 James Street, New Port Richey, Pasco County, Florida, you acknowledge that?
THE DEFENDANT: Yes, sir.
THE COURT: Without permission?
THE DEFENDANT: Yes, sir.
THE COURT: How did you get in?
THE DEFENDANT: Through an open door.
THE COURT: You mean, the door was standing open, or it wasn't locked?
THE DEFENDANT: It wasn't locked.
THE COURT: So you opened the door?
THE DEFENDANT: Yes, sir.
THE COURT: The front or the backdoor [sic]?
THE DEFENDANT: Front door.
THE COURT: And what did you do once you were inside the property?
THE DEFENDANT: I went inside and tied the girl up.
THE COURT: And you found this girl in her bedroom?
THE DEFENDANT: Yes, sir.
THE COURT: And you used rope that you brought with you to tie her up?
THE DEFENDANT: Yes, sir.
THE COURT: And did you have a knife?
THE DEFENDANT: Yes, sir.
THE COURT: And you did display that knife to her?
THE DEFENDANT: Yes, sir.
The court ultimately sentenced appellant as agreed and recommended that, if released on parole, appellant make full restitution to the victim of the criminal mischief.
On appeal, appellant challenges the sufficiency of the burglary count of the amended information. To convict a defendant of first degree felony burglary, the state must plead and prove not only the essential elements of the burglary as defined in section 810.02(1), but also that, in the course of committing the burglary, the defendant either made an assault upon a person or was armed or armed himself within the structure with explosives or a dangerous weapon. § 810.02(2), Fla. Stat. (1983). Appellant contends the burglary count only charges a second degree felony burglary as it does not allege that an assault was in fact committed during the course of the burglary and, thus, the count is insufficient to support the thirty-year sentence for a first degree felony. We are aware that the amended information does not contain such an allegation; nevertheless, we affirm appellant's conviction and sentence for first degree felony burglary.
In Burns v. State, 300 So.2d 317 (Fla. 2d DCA 1974), the defendant was charged under section 811.11, Florida Statutes (1971), with larceny of a calf. He later pled guilty to grand larceny. He alleged on appeal that he could not be adjudicated guilty of a crime with which he was not charged. This court declined to treat the adjudication as void and held that the proceedings, conducted in open court and duly recorded, constituted a mutually agreeable amendment of the accusatory writ.
*505 In Shanklin v. State, 369 So.2d 620 (Fla. 2d DCA) cert. denied, 378 So.2d 348 (Fla. 1979), the defendant was charged with battery of a law enforcement officer. The information stated that appellant did "`unlawfully and intentionally touch or strike a law enforcement officer... .'" The defendant pled guilty and was placed on probation. On appeal from the revocation of probation, Shanklin attacked his conviction on the basis that the court originally lacked subject matter jurisdiction to place him on probation. He argued that because the information failed to allege that he "knowingly" struck a law enforcement officer he was never charged with a felony which would give the circuit court jurisdiction.
Relying on Burns, we affirmed Shanklin's conviction and held that his plea of guilty to the crime of battery of a law enforcement officer, after the state had properly established a factual basis, constituted a tacit amendment of the information to charge that offense.
We believe the holdings in Burns and Shanklin are applicable in the instant case. The record of the plea hearing reveals that after appellant pled guilty to all the charges, the trial court explained the penalty which could be imposed and developed a complete factual basis for the offense of first-degree burglary. This included appellant's sworn admission that he did in fact commit an assault during the course of the burglary. Though the amended information itself only charged a burglary of the second degree, all parties involved, including appellant, understood that appellant was pleading to the more serious felony. In view of the diligent efforts undertaken by the court to ensure that appellant understood the consequences of his plea, there is no possibility that appellant could have been misled or prejudiced by the amended charging document. Therefore, we hold that the factual basis given in connection with the plea supplied the missing element of the first degree burglary thereby implicitly amending the information. See also Dean v. State, 414 So.2d 1096 (Fla. 2d DCA 1982), pet. for review denied, 424 So.2d 761 (Fla. 1983).
Our holding with respect to the burglary charge requires us to set aside appellant's conviction and sentence for aggravated assault. The reason being that the aggravated assault is necessary to sustain the conviction for the enhanced burglary and appellant could not be convicted of both the first degree burglary and the assault which formed the basis therefor. McRae v. State, 383 So.2d 289 (Fla. 2d DCA 1980); Wicker v. State, 445 So.2d 581 (Fla. 2d DCA 1983). See also State v. Pinder, 375 So.2d 836 (Fla. 1979); State v. Harris, 439 So.2d 265 (Fla. 2d DCA 1983).
Appellant also contends that the trial court erred in imposing restitution as a condition of parole. We disagree. Although the written sentence for criminal mischief suggests that the court ordered restitution as a condition of appellant's parole, upon reading the record of the plea hearing it is clear that the court merely recommended such punishment to the parole commission.
The convictions and sentences for first degree burglary and criminal mischief are affirmed. The conviction and sentence for aggravated assault are reversed. The cause is remanded to the trial court with directions to amend the written judgment of case # 83-1050 to reflect the correct statutory section number for first degree burglary and to correct the written sentence for criminal mischief to conform to the court's oral pronouncement that restitution is recommended as a condition of parole.
AFFIRMED in part; REVERSED in part; and REMANDED.
SCHEB and SCHOONOVER, JJ., concur.