616 So.2d 1133 (1993)
David Mack YOUNG, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-1091.
District Court of Appeal of Florida, Third District.
April 13, 1993.
David Mack Young, in pro. per.
Robert A. Butterworth, Atty. Gen., and Consuelo Maingot, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
PER CURIAM.
David Mack Young appeals an order denying relief under Florida Rule of Criminal Procedure 3.800(a). We affirm.
On April 29, 1988, defendant pled nolo contendere to five counts of armed robbery with a firearm and one count of attempted robbery with a firearm. Pursuant to the plea agreement, he was sentenced to nine years concurrent on all counts, with a mandatory minimum sentence of three years on count I.
On September 5, 1991, defendant filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). He sought to strike the mandatory minimum sentence, asserting that the plea colloquy did not establish an adequate factual basis for imposition of the three-year mandatory minimum term.
We agree with the trial court that defendant's allegations did not set forth a proper claim that there was an illegal sentence as that term is used in Rule 3.800(a). See Lewis v. State, 615 So.2d 259 (Fla. 3d DCA 1993).
*1134 In the present case defendant pled nolo contendere to armed robbery with a firearm and attempted armed robbery with a firearm. The nine-year term and three-year mandatory minimum sentence are legally authorized for those offenses. See §§ 775.087(2), 812.13, Fla. Stat. (1987). Defendant's motion claimed error in the sentencing proceedings, but such a claim did not render the sentence illegal within the meaning of Rule 3.800(a). Defendant's motion was correctly denied.
Defendant asserts, however, that his motion is authorized by Bell v. State, 589 So.2d 1374 (Fla. 1st DCA 1991). There Bell filed a motion to correct illegal sentence under Rule 3.800(a), asserting that his sentence on one count exceeded the legal maximum. Id. at 1376. Such a matter is cognizable under Rule 3.800(a).
Bell also asserted that the plea colloquy had failed to establish a factual basis for the plea, and more particularly, a factual basis for the mandatory minimum sentence on another count. Id. at 1376. The First District remanded for an evidentiary hearing on that point as well.
One of the two Bell issues  whether the sentence exceeded the legal maximum  was clearly a proper matter to raise under Rule 3.800(a). In our view the other issue  the sufficiency of the plea colloquy  was not cognizable by Rule 3.800(a) motion, but there is no indication that this procedural point was raised or considered by the Bell court. Assuming that Bell is authority for utilizing Rule 3.800(a) to challenge the factual basis of the plea colloquy for the mandatory minimum sentence, this court reached a contrary conclusion in Lewis v. State.
In our view, where there is a claim that there is an inadequate factual basis in the plea colloquy to support the plea, such a claim must be brought by motion for post-conviction relief under Rule 3.850, not by motion under Rule 3.800(a). Further, it is well settled that any such deficiency in a plea colloquy is not a basis for relief unless there is a showing of prejudice or manifest injustice. Williams v. State, 316 So.2d 267, 273-75 (Fla. 1975); Fla.R.Crim.P. 3.172(i).[*]
Affirmed.
SCHWARTZ, C.J., and COPE, J., concur.
BASKIN, Judge (dissenting).
I recognize that the court is compelled to follow Lewis v. State, 615 So.2d 259 (Fla. 3d DCA 1993). However, I would recede from Lewis, follow Bell v. State, 589 So.2d 1374 (Fla. 1st DCA 1991), and remand for an evidentiary hearing.
Although the majority correctly states that a nine-year and three-year mandatory minimum sentence are legally authorized under sections 775.087(2), 812.13, Florida Statutes (1987), here as in Bell,[1] the plea colloquy does not establish that defendant was in actual possession of the weapon so as to justify the imposition of the minimum mandatory sentence under the statute. The record does not reveal any attempt to inquire into the factual basis for defendant's plea. Under these circumstances, the sentence is illegal. Defendant Young properly asserts in his motion that the minimum mandatory sentence was imposed despite the absence of proof that he possessed a weapon, as the statute requires. Vicarious or constructive possession of a weapon is insufficient to support a minimum mandatory prison term under section 775.087(2), Fla. Stat. (1987). Earnest v. State, 351 So.2d 957 (Fla. 1977); Bellinger v. State, 514 So.2d 1142 (Fla. 1st DCA 1987).
For these reasons, I would hold that defendant properly sought relief under rule 3.800(a), reverse the trial court's order denying relief, and remand for an evidentiary hearing.
NOTES
[*] We express no opinion on whether there was any deficiency in the plea colloquy on the nolo contendere plea in this case.
[1] In Bell, defendant pled guilty to kidnapping without a firearm, robbery without a firearm, and robbery with a firearm. At the sentencing hearing the court inquired whether the plea was voluntary but did not explore the factual basis for the plea.