PER CURIAM.
Kim Ferrell appeals from the trial court’s order denying his motion to vacate and set aside plea and an order denying his motion to correct illegal sentence. Appellant argued in two motions for postconviction relief that his plea should be withdrawn based on an inadequate factual basis to support his plea of nolo contendere to five criminal offenses. The trial court summarily denied both motions and attached copies of appellant’s written plea agreement and the judgment of conviction and sentence.
Based on the claim of lack of supporting factual basis for the plea, we treat appellant’s appeal from the orders as an appeal from a denial of postconviction relief pursuant to rule 3.850, Florida Rule Criminal Procedure. See Young v. State, 616 So.2d 1133 (Fla. 3d DCA 1993). In so far as appellant raises issues reviewable under rule 3.800(a), Florida Rule of Criminal Procedure, we find no merit in the contention that the trial court imposed an illegal sentence.
The state points out that appellant voluntarily, knowingly and intelligently entered into the plea agreement which specifically stated that appellant agreed a factual basis existed for the charges against him. Notwithstanding a defendant’s stipulation to a *348 factual basis, a trial court must receive in the record factual information to establish the offenses to which a defendant has entered a plea. Koenig v. State, 597 So.2d 256, 258 (Fla.1992). As the trial court did not attach portions of the transcript of the plea colloquy to the orders, we reverse and remand for an evidentiary hearing or for attachment to an order those portions of the record demonstrating that appellant is not entitled to relief.
Accordingly, we affirm the order denying appellant’s motion to correct illegal sentence. We reverse the remaining order and remand for proceedings consistent herewith.
AFFIRMED IN PART; REVERSED and REMANDED IN PART.
DELL, C.J., and POLEN and KLEIN, JJ., concur.