PER CURIAM.
Defendant Roberto Rodriguez appeals the denial of his motion pursuant to rule 3.850, Florida Rules of Criminal Procedure for post-conviction relief. We affirm.
In affirming, we note two items. First, although the trial court did not permit Rodriguez to supplement his motion with a new ground as the supplement was filed outside the two-year time limitation of the rule, we have reviewed the supplement on the merits (the record being sufficient to do so). By his supplement Rodriguez contends that the plea colloquy was defective for failing to advise him of the minimum and maximum sentences he could receive on all pending charges, thus his counsel’s assistance in ap *184 proving the plea was ineffective. The record reflects, however, that Rodriguez was aware of the máximum possible sentence of more than two hundred twenty-five (225) years (as he was so advised by his attorney) on the six first-degree felonies, three second-degree felonies, and three third-degree felonies to which he pled. In accordance with his plea agreement, Rodriguez was sentenced to seventeen years’ imprisonment with a three-year mandatory minimum sentence for carrying a firearm. He has alleged no prejudice or manifest injustice arising from the sentence imposed and we do not discern any, thus, even if we were to assume some deficiency in the plea colloquy, Rodriguez would be entitled to no relief. State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995), rev. denied, 668 So.2d 602 (Fla.1996).
Second, Rodriguez contends that the three-year mandatory minimum sentence should not have been imposed as the plea colloquy affirmatively demonstrates that he was not in actual or constructive possession of the firearm used in the armed robbery to which he pled. If he were correct, pursuant to Lewis v. State, 615 So.2d 259 (Fla. 3d DCA 1993), the sentence would be unauthorized. It is true, as pointed out by Rodriguez, that the trial judge stated at one point that one of Rodriguez’ accomplices, and not Rodriguez, had been in possession of the weapon used in the armed robbery of an individual (a Rolex watch having been forcibly taken and the gun fired during an escape attempt). However, that armed robbery charge (count I) was the subject of a nolle prosse as part of the plea bargain. The armed robbery for which Rodriguez received the three-year mandatory minimum sentence is that charged in count 30, the armed robbery of the Intercontinental Hotel, to which he pled as part of his bargain with the State. As Rodriguez received his bargain and points to no prejudice or manifest injustice, no error appears. State v. Fox.
We find no merit in the other issues raised, and the trial court’s denial of the post-conviction motion is affirmed.