PER CURIAM.
The appellant challenges an order by which his motion to correct an illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a), was denied. We affirm.
The record reveals that Appellant specifically agreed to his 41.25 months’ sentence for attempted armed robbery in each of two cases, with a three-year minimum mandatory in one case only. In his motion, Appellant did not claim that his sentence exceeded the statutory maximum and, therefore, he failed to raise a cognizable illegal sentence claim. King v. State, 681 So.2d 1136 (Fla.1996), Davis v. State, 661 So.2d 1193 (Fla.1995), and State v. Callaway, 658 *446 So.2d 983 (Fla.1995). His sole claim that the trial court erred in failing to establish a factual basis for finding he possessed a firearm before imposing a mandatory term, pursuant to section 775.087(2), Florida Statutes, is not cognizable under 3.800(a). See Wickline v. State, 687 So.2d 327 (Fla. 1st DCA 1997). We acknowledge the Second District has repeatedly held to the contrary, the most recent opinion being Mancino v. State, 689 So.2d 1235 (Fla. 2d DCA 1997), and, therefore, we certify conflict with that decision.
We note that we cannot treat Appellant’s sworn motion under 3.850, as it is facially and legally insufficient, and the two-year time limit for such motions has expired.
ERVIN and KAHN, JJ., concur.
BENTON, J., concurs in result.