935 So.2d 554 (2006)
Daniel Victor WHITE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-259.
District Court of Appeal of Florida, Third District.
June 28, 2006.
Rehearing Denied August 18, 2006.
*555 Daniel Victor White, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before GERSTEN, SUAREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, Daniel Victor White, appeals from the denial of two of the three claims raised in his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
Pursuant to a negotiated plea with the State, the defendant pled guilty to numerous charges in five cases (97-27541, 97-34847, 97-34344, 97-33536, and 97-33538), and agreed to be sentenced as an habitual offender. In his motion to correct illegal sentence, the defendant raised three claims. Based upon the State's confession of error regarding the defendant's second claim, the trial court granted the motion and vacated the defendant's sentence in Case No. 97-34344. The remaining two claims are the subject of this appeal.

CLAIM I

That the defendant's plea to an occupied burglary in Case No. 97-34344 was not free and voluntary because the State failed to establish a factual basis for the plea
Florida Rule of Criminal Procedure 3.172(a) provides that "[b]efore accepting a plea of guilty or nolo contendere, the trial judge shall be satisfied that the plea is voluntarily entered and that there is a factual basis for it. Counsel for the prosecution and the defense shall assist the trial judge in this function." The defendant claims that the trial court erred in summarily denying his first claim as the record reflects that the State failed to provide a factual basis for the defendant's plea to burglary of an occupied structure. As this claim is not cognizable under rule 3.800(a), we conclude that the trial court properly denied the claim. See Nowlin v. State, 639 So.2d 1050, 1051 (Fla. 1st DCA 1994)(holding that whether the trial court established that there was a factual basis for the defendant's guilty plea, is not an issue which may be raised in a rule 3.800(a) motion to correct illegal sentence)(citing Young v. State, 616 So.2d 1133 (Fla. 3d DCA 1993)). Such a claim may, however, be addressed in a postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850, unless it is time-barred. Nowlin, 639 So.2d at 1052. However, since the defendant entered his plea of guilty and was sentenced on June 4, 1999, even if we were to treat the defendant's motion as a motion filed under Rule 3.850, we would affirm as such a motion would clearly be untimely. See Fla. R.Crim. P. 3.850(b)("A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than two years after the judgment and sentence become final in a noncapital case. . . ."). Therefore, the trial court properly denied the defendant's first claim.

CLAIM III

That the defendant's sentences as an habitual offender are illegal
The defendant claims that the trial court erred in finding that he qualified to *556 be sentenced as an habitual offender by relying on a conviction in Case No. 91-4234 as one of the qualifying prior convictions, which he claims was not his conviction. A review of the record indicates that, in addition to Case No. 91-4234, the trial court also relied on convictions in Case Nos. 91-4784 and 91-4923 in finding that the defendant qualified as an habitual offender. Based on the convictions in Case Nos. 91-4784 and 91-4923 alone, the defendant had the requisite predicate convictions to support his sentencing as an habitual offender. Thus, we conclude that the trial court properly denied the defendant's third claim.
Affirmed.