971 So.2d 957 (2007)
Ricky BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3577.
District Court of Appeal of Florida, Fifth District.
December 28, 2007.
*958 James S. Purdy, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Ricky Bradley challenges the denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. On appeal, Mr. Bradley argues that because the information charging him with robbery did not allege that he discharged a firearm during the commission of the offense, the trial court erred when it imposed the twenty-year firearm mandatory minimum prison term pursuant to section 775.087(2), Florida Statutes (2002). We disagree, and affirm.
Relevant to this appeal, Mr. Bradley was charged by information with robbery with a firearm in violation of sections 812.13(1) and (2)(a), Florida Statutes (2002). The information included an allegation that in the course of committing the robbery, Mr. Bradley "was in possession of and carried a firearm," and cited section 775.087(2), Florida Statutes (2002). Mr. Bradley subsequently entered a plea of nolo contendere to robbery with a firearm pursuant to a plea agreement calling for a sentence of twenty years in prison with a twenty-year minimum mandatory term resulting from his discharge of a firearm during the robbery. Although no direct appeal was taken, Mr. Bradley then filed a motion to correct sentence pursuant to rule 3.800(b)(2).[1] In his motion, Mr. Bradley argued that his twenty-year minimum mandatory sentence was illegal because the information filed by the State alleged the possession of a firearm, and not the discharge of a firearm. Relying on Hope v. State, 588 So.2d 255 (Fla. 5th DCA 1991), the trial court denied the motion. This appeal followed.
At the time that Mr. Bradley entered his plea, his counsel advised the court:
Your Honor, at this time[,] pursuant to negotiations with the [S]tate of Florida[,] Mr. Bradley is going to withdraw his not guilty pleas as to attempted felony *959 murder and armed robbery with a firearm. He's going to be pleading no contest to each count of the information. There's going to be a stipulation that the injuries to the victim ... were moderate. What this does is take it out of the 25[-]year mandatory sentencing under the 10/20/life bill. Which if they were deemed to be severe injuries[,] it would be a mandatory 25.
The agreement is pursuant to the 10/20/life bill he is still exposed, because the firearm was discharged, to 20 years mandatory. He will be sentenced to 20 years in the state prison with the expectations [sic] he will have to serve 20 years day for day with credit for time served. I've explained to him the only way he'll get out in less than 20 years is if some how the laws change and it applies to it. But as it stands now[,] he's got to do 20 years.
The State agreed that the plea agreement was as represented and Mr. Bradley then entered his plea, stipulating to the facts alleged in the complaint affidavit (which stated that he had discharged a firearm during the commission of the robbery).
Section 775.087, Florida Statutes, commonly referred to as the 10/20/life statute, requires the imposition of a minimum mandatory sentence of ten years of imprisonment for possessing a firearm, twenty years imprisonment for discharging a firearm, and twenty-five years to life for causing death or great bodily harm resulting from the discharge of a firearm, during one of the felonies enumerated in the statute. See § 775.087(2)(a)1.-3., Fla. Stat. (2006).[2]
"The purpose of an information is to fairly apprise [the] defendant of the offense with which he is charged." Leeman v. State, 357 So.2d 703, 705 (Fla. 1978). As a matter of fundamental due process, an information must include a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fla. R.Crim. P. 3.140(b). As sentencing laws have become more complex with the legislative creation of numerous sentencing enhancement and reclassification schemes, the information has taken on added importance by alerting the defendant to the potential sentences that can be imposed in the event of conviction. Due process is violated when an individual is convicted of a crime not charged in the charging instrument. See State v. Gray, 435 So.2d 816, 818 (Fla. 1983). However, an information is fundamentally defective only where it totally omits an essential element of the crime or *960 is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy. Fla. R.Crim. P. 3.610; State v. Burnette, 881 So.2d 693 (Fla. 1st DCA 2004). "[T]he test for granting relief based on a defect in the charging document is actual prejudice...." Gray, 435 So.2d at 818. If the State wishes to seek the reclassification of a crime under the 10/20/life law, it must allege the necessary factual predicate in the information, as such facts are treated as "essential terms." Koch v. State, 874 So.2d 606 (Fla. 5th DCA 2004); see also Rogers v. State, 963 So.2d 328, 335-36 (Fla. 2d DCA 2007); Davis v. State, 884 So.2d 1058, 1060 (Fla. 2d DCA 2004); Jackson v. State, 852 So.2d 941 (Fla. 4th DCA 2003).
Though not in the context of the 10/20/life law, the decisional law has allowed a plea to supply missing elements from an indictment or information. For example, in Burns v. State, 300 So.2d 317 (Fla. 2d DCA 1974), the appellant was charged with larceny and entered a guilty plea to grand larceny. On appeal, he asserted that he could not be adjudicated guilty of a crime with which he was not charged. The Second District Court affirmed the defendant's conviction, finding that the plea and proceedings in open court constituted a mutually agreeable amendment of the information. In Brlecic v. State, 456 So.2d 503 (Fla. 2d DCA 1984), the court again held that "the factual basis given in connection with the plea supplied the missing element of the first degree burglary thereby implicitly amending the information." Id. at 505. There, the appellant was adjudicated guilty of first-degree burglary even though the amended information charged only burglary of the second degree. The reviewing court indicated that in view of the lower court's diligent efforts to ensure the appellant understood the consequences of his plea, there could be no possibility that the appellant could have been misled or prejudiced by the amended charging document. In Hope v. State, 588 So.2d 255, 258 (Fla. 5th DCA 1991), the appellant was charged with DUI under a uniform traffic citation. He pled to felony DUI after receiving copies of the underlying convictions for DUI and notice of the pertinent statutory subsection for felony DUI. Relying on Brlecic, this Court found that even though the information did not allege previous convictions or designate the pertinent subsection, the appellant's "pleading to an offense acknowledging the existence of unpled essential elements, implicitly amends the information to include them." Hope, 588 So.2d at 258. This Court upheld the conviction since the appellant had not been misled in his defense nor was there any danger that he may again be prosecuted for the same offense. Id. Relying on these cases, the First District, in Billiot v. State, 711 So.2d 1277 (Fla. 1st DCA 1998), similarly upheld the defendant's guilty plea to charges that he committed aggravated assault while wearing a mask because, while the information did not allege that he wore mask, the factual basis of his plea clearly established that he did so. Here, we conclude that, consistent with the authorities cited, Mr. Bradley's explicit plea to discharge of a firearm during the commission of a robbery constituted his consent to the implicit amendment of the information to include this element, particularly since it is clear from the record that Mr. Bradley was not misled or prejudiced by the unwritten amendment to the information.
The rules of criminal procedure are not intended to furnish a procedural device to escape justice. Stang v. State, 421 So.2d 147, 149 (Fla.1982). As discussed earlier, the test for granting relief based on a defect in the charging document is actual prejudice. Billiot, 711 So.2d at 1278; see Brlecic, 456 So.2d 503 (permitting state to *961 amend its statement of particulars during trial when there was no prejudice to defendant). Here, Mr. Bradley makes no claim of prejudice. Although Mr. Bradley was only charged by information with possession or carrying a firearm during the commission of the qualifying offense, the record demonstrates that Mr. Bradley was specifically advised that he was pleading to crimes under the 10/20/life statute, and that he was exposing himself to a twenty-year minimum mandatory for discharge of a firearm. As a result, as in Burns, Billiot, Brlecic and Hope, Mr. Bradley's plea constituted his consent to the implicit amendment of the information to include the discharge of a firearm element.
We acknowledge, as Mr. Bradley argues, that on identical facts, the Fourth District reached the opposite conclusion in Jackson. We disagree with our sister court because we believe the Jackson opinion places a premium on form at the expense of substance since there, as here, the defendant could not credibly argue that he was not aware of the terms of his plea agreement with the State.
Finally, we observe that had this matter proceeded to trial, we might view the matter differently, as a defendant should have clear notice of the charges against him and the facts necessary to support sentence enhancements. But, as the Supreme Court recognized in Blakely v. Washington, 542 U.S. 296, 309, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), "[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." Here, we conclude that Mr. Bradley stipulated to the relevant facts necessary to support the imposition of the twenty-year minimum mandatory sentence required for the discharge of a firearm during the commission of a qualifying felony.[3] The plea proceedings reflect that Mr. Bradley was sufficiently put on notice that he was subject to the enhanced minimum mandatory of twenty years due to his discharge of a firearm. As a result, we affirm the denial of his motion to correct sentence and certify express and direct conflict with Jackson.
AFFIRMED; CONFLICT CERTIFIED.
GRIFFIN and EVANDER, JJ., concur.
NOTES
[1] Mr. Bradley's motion, which was not prepared by appellate counsel, was filed under rule 3.800(b)(2); however, this rule does not apply because he did not directly appeal his conviction and sentence. See Amendments to Fla. R. of Crim. P. 3.111(e) & 3.800 & Fla. R. App. P. 9.020(h), 9.140, & 9.600, 761 So.2d 1015, 1019 (Fla.1999) (explaining that rule 3.800(b)(2) pertains to motions to correct sentencing errors, which includes challenge against illegal sentence, while an appeal is pending); Day v. State, 770 So.2d 1262, 1262 (Fla. 1st DCA 2000). Still, the trial court properly treated the motion as one filed pursuant to rule 3.800(a) since a defendant may raise the illegality of his sentence at any time. A claim that a mandatory minimum sentence was illegally imposed is cognizable in a rule 3.800(a) motion where the error is apparent on the face of the record. See Leath v. State, 805 So.2d 956, 957 (Fla. 2d DCA 2001).
[2] In relevant part, section 775.087(2)(a)1.-3., Florida Statutes, provides:

(2) (a) 1. Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, ... and during the commission of the offense, such person actually possessed a "firearm" ... shall be sentenced to a minimum term of imprisonment of 10 years....
2. Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)1.a.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a "firearm" ... as defined in s. 790.001 shall be sentenced to a minimum term of imprisonment of 20 years.
3. Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)1.a.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a "firearm" ... and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.
[3] In reaching this conclusion, we note that our supreme court has affirmed convictions even when an element of the crime was not supported by a jury finding, concluding that the element was either not in dispute or was waived by the lack of contemporaneous objection to the jury instructions. See Insko v. State, 969 So.2d 992 (Fla.2007) (agreeing that defendant's age was element of offense of lewd or lascivious conduct, but nonetheless concluding that defendant was not entitled to relief because he failed to object to jury instruction, thereby waiving any claim to relief); see also Pena v. State, 901 So.2d 781, 784 (Fla.2005) (holding that the failure to instruct the jury that the defendant's age is an element of first-degree murder by drug distribution was not fundamental, and nothing that element was undisputed and no timely objection was raised); Glover v. State, 863 So.2d 236, 238 (Fla.2003) (holding that defendant's age is an element of capital sexual battery, but affirming conviction because failure to so instruct the jury was not fundamental where element was undisputed). If a defendant can waive the jury's failure to find an element of the crime, we have no difficulty in concluding that a defendant can stipulate to the existence of that element or sentencing factor in the context of a voluntary plea.