PER CURIAM.
 

 This is an appeal from the following order denying postconviction relief:
 

 THIS CAUSE comes upon Defendant’s Motion to Correct Illegal Sentence filed on August 26th, 2011. This Court, having reviewed the motion, court files and records in this case, and being otherwise fully advised in the premises therein, hereby orders that the motion is DENIED for the following reasons.
 

 On December 20th, 2010, the defendant entered into a guilty plea on case number F08-17372 to one count of attempted felony murder with a deadly weapon or firearm or aggravated battery, a life felony; and one count of armed robbery using a deadly weapon or firearm, a first degree felony punishable by life. The defendant was sentenced to a term of ten (10) years imprisonment with a ten (10) year mandatory minimum on each count, to run
 
 *352
 
 concurrently.
 
 [1]
 
 In the instant motion, the defendant claims that the ten (10) year mandatory minimum imposed in accordance with § 775.087(2), Fla. Stat.
 
 [2]
 
 was improper because the record fails to reflect that the defendant stipulated to having actual possession of a firearm, resulting in a violation of the rule set forth in
 
 Blakely v. Washington,
 
 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
 

 The
 
 Blakely
 
 line of cases stand for the proposition that “when a defendant pleads guilty the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.”
 
 Blakely,
 
 542 U.S. at 310, 124 S.Ct. 2531 (citing
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). It is apparent on the face of the record that the defendant’s counsel stipulated that the information filed by the prosecution, as well as the arrest form, established a prima facie case for purposes of the plea.
 
 See
 
 attached copy of plea colloquy transcript at 37, lines 11-19. Accordingly, this court finds that such a stipulation supports the imposition of the ten (10) year mandatory minimum sentence required for a sentence enhancement under § 775.087(2), Fla. Stat., just as my predecessor did in determining a factual basis for the plea.
 
 See
 
 attached copy of plea colloquy transcript at 38, lines 1^4.
 

 The court’s finding in the instant case is supported by the reasoning set forth in
 
 Bradley v. State,
 
 971 So.2d 957 (Fla. 5th DCA 2007)
 
 [3]
 
 and
 
 Sanchez v. State,
 
 979 So.2d 1004 (Fla. 3d DCA 2008). In
 
 Bradley,
 
 the Fifth District Court of Appeals held that a stipulation to the facts alleged in the complaint affidavit
 
 [4]
 
 when entering a plea was sufficient to support the imposition of a twenty-year minimum mandatory required for the discharge of a firearm during the commission of a felony.
 
 Bradley,
 
 971 So.2d at 961. Like-wise, both the arrest form and the information in the case at bar, which are attached hereto, state that the defendant actually discharged a firearm during the commission of the crimes charged. In
 
 Sanchez,
 
 the Third District held that the defendant’s stipulation to both the factual basis of the plea and to the imposition of a specific sentence rendered an alleged
 
 Apprendi
 
 violation un-meritorious. The defendant’s stipula
 
 *353
 
 tion in the instant case has rendered the same.
 

 Based on the foregoing reasons, it is hereby ORDERED and ADJUDGED that the motion is DENIED.
 

 We entirely agree.
 

 Affirmed.
 

 [1]
 

 . The defendant also pleaded to the charges filed in case number F10-12319, i.e., one count of criminal mischief over one thousand dollars, a third degree felony; and grand theft in the third degree, as part of the negotiated plea. He was sentenced on these charges to five (5) years in state prison to run concurrently with the ten (10) year mandatory minimum. These charges, however, are not placed in dispute by the defendant’s motion.
 

 [2]
 

 . Section 775.087(2) states: "Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for murder [or] robbery ... and during the commission of the offense, such person actually possessed a "firearm” or "destructive device” as those terms are defined in s. 790.001, shall be sentenced to a minimum term of imprisonment of 10 years.”
 

 [3]
 

 . The court is aware that
 
 Bradley
 
 focused on the defendant’s assertion that his sentence was illegal due to the elements alleged in the information, and not necessarily due to a
 
 Blakely
 
 violation. The court, however, included a final observation pertaining to the holding in
 
 Blakely,
 
 which this court deems appropriate to the situation at bar.
 

 [4]
 

 . The complaint affidavit stated that the defendant had discharged a firearm during the crime with which he was charged.
 
 Bradley, 971
 
 So.2d at 959.