PER CURIAM.
Clint Edward Bodie, Appellant, challenges an order denying his motion for post-conviction relief after an evidentiary hearing. He argues, in pertinent part, that the trial court erred in denying relief where his attorney failed to advise him concerning a defect in the charging document, which led to his entry of an open “no contest” plea to a crime for which there was no factual basis.[1] We agree and reverse. As to the remaining claims, we affirm without discussion.
*421 The State charged Appellant with a trafficking offense due to his possession of a mixture containing methamphetamine. However, instead of tracking the language of the applicable statute, section 893.135(l)(f), Florida Statutes (2006), the State inadvertently tracked and cited section 893.135(l)(k), which proscribes trafficking in other distinct substances, including phenethylamines. Both statutes allow for a conviction based on possession, but the methamphetamine statute requires proof that the defendant possessed at least fourteen grams of the controlled substance, while the phenethylamines statute requires possession of only ten grams. Believing that he had been charged with trafficking in methamphetamine, Appellant entered an open plea of no contest. As the factual basis for the charge, the State explained that Appellant and his companions had possessed “in excess of 10 grams of methamphetamine.” Consistently with the charging document, the written judgment provides that Appellant was adjudicated guilty of trafficking in phenethylamines under section 893.135(l)(k).
In his posteonviction motion, Appellant argued that his counsel rendered ineffective assistance in failing to move to dismiss the charge under section 893.135(l)(k) or to otherwise advise him concerning the discrepancy between the charge and the factual basis for the plea. He argued that before, during, and after the plea hearing, he believed the State needed only to prove possession of ten grams of the controlled substance at issue, and he specifically noted the failure of the State to allege the proper weight to sustain a conviction for trafficking in methamphetamine as part of the factual basis for the charge. Appellant contended that, but for counsel’s failure to advise him properly concerning the charging discrepancy, he would not have pled no contest and would have insisted on going to trial. He also claimed prejudice based on his vulnerability to a new charge for trafficking in methamphetamine arising out of the same facts. At the evidentiary hearing, Appellant testified that the allegations in his motion were true, and his attorney conceded that he had not specifically discussed the elements of the charged offense with Appellant.
The circuit court denied Appellant’s claim, ruling that he “pled to and was convicted of trafficking in methamphetamine, the plea was voluntary, there was a factual basis for the plea, and counsel was not ineffective for failing to object or file a motion to dismiss.” Accepting a defense forwarded by the State, the court further ruled that, even if Appellant’s counsel had moved to dismiss due to the citation of the wrong subsection, the State could have easily amended the information, thereby precluding prejudice. The court found that the result of the case would have been the same because Appellant did not want to go to trial.
Under Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant claiming ineffective assistance of counsel must show both deficient performance by counsel and prejudice. To satisfy the performance prong, “the defendant must specifically identify acts or omissions of counsel that were manifestly outside the wide range of reasonably competent performance under prevailing professional norms.” Lynch v. State, 2 So.3d 47, 56-57 (Fla.2008). Generally, the prejudice prong requires the defendant to establish “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Where a claim of ineffective assistance involves a guilty plea, Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), and Grosvenor v. State, 874 So.2d 1176, 1180 (Fla.2004), dictate, “The defendant *422 must show that there is a reasonable probability that, but for counsel’s errors, he would not have pled guilty and would have insisted on going to trial.” This standard is simply a specific application of Strickland’s prejudice prong. See Hill, 474 U.S. at 59,106 S.Ct. 366. The difference is that the court’s focus is on the “outcome of the plea process,” rather than the trial. Id.
Appellant currently stands convicted of trafficking in phenethylamines under section 893.135(l)(k). It is undisputed that Appellant did not commit this offense and did not intend to plead no contest to it. It is also beyond dispute that if Appellant’s counsel had noticed the charging discrepancy and brought the matter to Appellant’s attention, he would not have been convicted of trafficking in phenethylamines pursuant to a plea of no contest. As the trial court found, the State undoubtedly would have amended the information and Appellant would have, instead, pled no contest under an accurate charging document. If those events had transpired, however, the outcome of the plea process would have been different, as Appellant would have been convicted of trafficking in methamphetamine under section 893.135(l)(f).
Because of our reticence to allow a criminal defendant to use the rules of procedure as a technical device to escape justice, see Billiot v. State, 711 So.2d 1277, 1278 (Fla. 1st DCA 1998), we have considered whether the references to phenethylamines and section 893.135(l)(k) in the written judgment are scrivener’s errors. If the trial court is correct that the plea hearing indicates that Appellant was actually convicted of trafficking in methamphetamine despite the charging defect, then its finding that Appellant was not prejudiced by counsel’s failure to advise him concerning the defect is correct. To uphold the denial of Appellant’s claim, we would have to conclude, first, that the information was implicitly amended during the plea colloquy and, second, that the failure of the written judgment to reflect the amendment was a scrivener’s error. Without an amendment to the charging document, the finding that Appellant was actually convicted of trafficking in methamphetamine would violate Appellant’s right to due process, which protects him “from being convicted of a crime not charged in the information or indictment.” Crain v. State, 894 So.2d 59, 69 (Fla.2004); see also Perkins v. Mayo, 92 So.2d 641, 643 (Fla.1957) (“One cannot plead guilty to one offense and be adjudged guilty and sentenced for another.”); Keesee v. State, 204 So.2d 925, 927 (Fla. 4th DCA 1967). The right to due process does not relax simply because the nature, character, and punishment of the crimes are similar. Penny v. State, 140 Fla. 155, 161, 191 So. 190(Fla.l939).
As noted by this Court in Billiot v. State, 711 So.2d 1277, 1278 (Fla. 1st DCA 1998), several direct-appeal cases have concluded that a guilty or nolo contendere plea implicitly amended a charging document by supplying missing elements. In Billiot, this Court held that the defendant’s plea cured a defect in the information, allowing a sentence enhancement for using a mask during a burglary, where the information did not charge that the defendant wore a mask. 711 So.2d at 1277-78. Likewise, in Bums v. State, 300 So.2d 317, 317-18 (Fla. 2d DCA 1974), the State charged defendant with larceny of a calf, but he pled guilty to grand larceny. The court held that the plea constituted “a mutually agreeable amendment to the accusatory writ.” 300 So.2d at 318. The court acknowledged, however, that the outcome may have been different if the defendant had raised this issue within a motion under Florida Rule of Criminal Procedure 3.850. Id.
Although Appellant admitted at the plea hearing that he trafficked in metham- *423 phetamines, there is no indication at the plea hearing or in the postconviction record that he knew the elements of that offense. When stating the factual basis for that count, the prosecutor claimed Appellant possessed “in excess of 10 grams of methamphetamine,” thus mixing the elements of section 893.135(l)(f), which proscribes trafficking in fourteen grams or more of methamphetamine, and section 893.135(l)(k), which proscribes trafficking in ten grams or more of phenethylamines. The plea form stated that Appellant trafficked in methamphetamine, but it did not cite a statute. Thus, the record lacks an indication of a clear intent to admit to the elements of the methamphetamine statute.
Without a clearer indication from the plea colloquy that Appellant intended to admit the specific elements of section 893.135(l)(k), we decline to deem the information implicitly amended. Because the information was not amended, Appellant was not convicted of trafficking in methamphetamine, such that we can conclude that the listing of the offense as trafficking in phenethylamines under section 893.135(l)(f) was a scrivener’s error. Appellant has, therefore, shown that the outcome of the case would have been different, and that he would not have pled no contest to count one as charged, if he had been advised of the charging defect. Accordingly, we reverse and remand for vacation of Appellant’s plea to count one only. In all other respects, the order denying postconviction relief is affirmed.
REVERSED in part; AFFIRMED in part; and REMANDED.
MARSTILLER, RAY, and SWANSON, JJ., concur.

. The State declined to file an Answer Brief.