NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PHILLIP BURKHEAD,                      )
                                       )
            Appellant,                 )
                                       )
v.                                     )        Case No. 2D14-2562
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
_____)

Opinion filed January 14, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Manatee County; Charles E. Roberts,
Judge.

Phillip Burkhead, pro se.


KHOUZAM, Judge.

        Phillip Burkhead appeals the denial of his motion to correct illegal

sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the

postconviction court should have considered the motion as filed under rule 3.850 and

because it also failed to attach records conclusively refuting the claim, we reverse and

remand.

        Burkhead entered an open plea of no contest to three counts of sale of

oxycodone. In his motion, Burkhead alleged that the charging document in his case

shows that all three offenses occurred on the same day, thereby rendering his sentences for the second and third charges illegal as a violation of the prohibition against double jeopardy. The postconviction court denied the claim under rule 3.800(a). Relying on Bradley v. State, 971 So. 2d 957 (Fla. 5th DCA 2007), approved by 3 So. 3d 1168 (Fla. 2009), the court found that because the complaint affidavit showed that each sale occurred on a different date, the charging document contained a clerical error to which Burkhead implicitly consented when he entered his plea.

As a threshold matter, Burkhead's double jeopardy claim that he could not have been convicted of (and sentenced for) all three offenses occurring on the same day must be brought via a rule 3.850 motion. See Coughlin v. State, 932 So. 2d 1224, 1226 (Fla. 2d DCA 2006) (noting that "rule 3.800(a) is limited to claims that a sentence itself is illegal, without regard to the underlying conviction"). Because Burkhead's motion was filed within two years of his judgment and sentence becoming final and included the proper oath, the postconviction court should have treated his motion as if it had been filed under rule 3.850. See Riviere v. State, 965 So. 2d 845, 845 (Fla. 2d DCA 2007); Snell v. State, 890 So. 2d 1292, 1292 (Fla. 2d DCA 2005).

Additionally, the postconviction court erred in applying Bradley to these facts. In Bradley, the court relied on the plea transcript to demonstrate that the defendant stipulated to the facts alleged in the complaint affidavit. 971 So. 2d at 961. Here, while the complaint affidavit was attached to the postconviction court's order, there is no indication in the record before this court that Burkhead stipulated to facts alleged in the charging affidavit. Therefore, the charging affidavit does not conclusively refute Burkhead's claim.

We also note that Burkhead's double jeopardy claim appears to be facially insufficient because he fails to allege that the convictions all stemmed from the same criminal episode.  See, e.g., Sanders v. State, 101 So. 3d 373, 374 (Fla. 1st DCA 2012) (observing that when analyzing a double jeopardy claim in the absence of clear legislative intent, "[t]he court must first determine whether the offenses occurred in the same criminal episode").

Accordingly, we reverse and remand for the postconviction court to consider Burkhead's motion as filed under rule 3.850.  On remand, the postconviction court shall either permit Burkhead a chance to amend his allegations if the court determines that he can do so in good faith or the court shall attach records conclusively refuting Burkhead's claim.

Reversed and remanded.

CASANUEVA and CRENSHAW, JJ., Concur.