DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KENNETH JEROME GODWIN, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-645

[November 16, 2022]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562017CF735A.

Kenneth J. Godwin, Jr., Lowell, pro se.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Kenneth Godwin appeals an order summarily denying his rule 3.850 motion for post-conviction relief and directing the clerk to amend the judgment and sentence to reflect that he entered a plea to a different offense. We affirm the denial of relief under rule 3.850 but reverse the portion of the order directing the clerk to amend the judgment and sentence.

Godwin was arrested for driving with a revoked license as a habitual traffic offender, a third-degree felony in violation of section 322.34(5), Florida Statutes (2016). However, the State charged Godwin by information with driving while his license was canceled, suspended, or revoked after two or more prior convictions, a third-degree felony in violation of an earlier subsection, section 322.34(2)(c), Florida Statutes (2016). He entered an open plea of no contest to that offense and was sentenced to ten years in prison.

In a rule 3.850 motion, Godwin argued that counsel failed to advise that he could not be prosecuted under section 322.34(2)(c) because he had

been designated as a habitual traffic offender. *See* § 322.34(2), Fla. Stat. (2016); *Finney v. State*, 219 So. 3d 254, 255–56 (Fla. 1st DCA 2017). Godwin alleged he would not have entered a plea and instead would have insisted on going to trial if counsel had advised him of this "complete defense." The State conceded Godwin should not have been charged under section 322.34(2)(c) but argued he was not entitled to relief under rule 3.850 because he failed to establish prejudice. The court agreed with the State that Godwin was not entitled to relief under rule 3.850 but directed the clerk to amend the judgment and sentence to reflect that he had entered a plea to a violation of section 322.34(5) instead of section 322.34(2)(c).

We affirm the court's ruling that Godwin was not entitled to relief under rule 3.850 because he failed to establish prejudice resulting from counsel's alleged error. To establish prejudice, Godwin needed to demonstrate a reasonable probability that he would not have entered a plea—and would have insisted on going to trial—if counsel had advised him that he had a "complete defense" under section 322.34(2)(c). *See Grosvenor v. State*, 874 So. 2d 1176, 1179 (Fla. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The viability of the defense is relevant to evaluating the probability that Godwin would have insisted on going to trial. *See Grosvenor*, 874 So. 2d at 1179–82.

Godwin did not demonstrate that his designation as a habitual traffic offender would have been a viable defense at trial as he failed to show that the State would have been precluded from amending the information to charge him under the proper subsection, section 322.34(5), if he had raised the issue.[1] A charge under section 322.34(5) would have required the same substantive proof and carried the same potential sentence as a charge under section 322.34(2)(c), and Godwin was on notice that his conduct likely violated section 322.34(5) because he was arrested under that subsection. *See Thach v. State*, 342 So. 3d 620, 623–24 (Fla. 2022) (holding that the State can amend the information during trial unless the defendant makes an individualized showing of prejudice to his substantial rights). Because Godwin failed to show that his designation as a habitual traffic offender would have been a viable defense at trial, the court did not err in ruling that he failed to establish a reasonable probability that he

---

[1] Godwin's reliance on *Finney*, 291 So. 3d at 255–56, is misplaced. In *Finney*, the defendant could not be prosecuted under section 322.34(2)(c) because he had been designated as a habitual traffic offender. *Id.* However, he also could not be prosecuted under section 322.34(5) because he had never had a driver's license. *Id.* Here, the record reflects that Godwin had a driver's license that had been revoked upon his designation as a habitual traffic offender.

2

would have insisted on going to trial.

However, we reverse the portion of the court's order directing the clerk to amend the judgment and sentence to reflect that Godwin entered a plea to a violation of section 322.34(5) instead of section 322.34(2)(c). The information was never amended to charge Godwin under section 322.34(5), and it is a due process violation for the judgment and sentence to show that he was adjudicated guilty and sentenced for a crime that was not charged in the information. *See Bodie v. State,* 143 So. 3d 420, 422 (Fla. 1st DCA 2013) (citing *Crain v. State*, 894 So. 2d 59, 69 (Fla. 2004)). On remand, the court is directed to reinstate the original judgment and sentence reflecting that Godwin entered a plea to a violation of section 322.34(2)(c) as charged in the information. We affirm on all other issues raised without additional comment.

*Affirmed in part, reversed in part, and remanded with instructions.*

KLINGENSMITH, C.J., CIKLIN and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3