852 So.2d 941 (2003)
Sheron JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1275.
District Court of Appeal of Florida, Fourth District.
August 27, 2003.
*942 Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.

ON APPELLEE'S MOTION FOR REHEARING, REHEARING EN BANC, OR CERTIFIED QUESTION
POLEN, J.
We withdraw our previously issued slip opinion (June 11, 2003), correct two scrivener's errors in that opinion, certify conflict, but otherwise deny rehearing, rehearing en banc, or certified question. We substitute the following opinion:
Sheron Jackson pled no contest to eight counts in connection with criminal acts committed on July 18 and 25 of 1999: grand theft of a firearm (I); grand theft of a motor vehicle (II); armed burglary of a conveyance (III); attempted first-degree murder (IV); attempted first-degree murder (V); robbery with a deadly weapon, firearm (VI); attempted felony murder (VII); and attempted felony murder (VIII). This appeal solely concerns Jackson's challenge to the sentence received on Count VI, robbery with a deadly weapon, firearm. While this appeal was pending, Jackson filed a Motion to Correct Sentencing Error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which was denied. We agree with Jackson that reversal is mandated on his sentence for Count VI due to defects in the information.
In pertinent part, Count VI of the information alleged:
[On] July 25, 1999 Sharon [sic] Jackson did take certain property, to-wit: keys, from the person or custody of [victims], with the intent to permanently or temporarily deprive the said person or owner of the property, and in the course of the taking there was the use of force, violence, assault, or putting in fear, and in the course of committing the robbery carried a firearm, in violation of Florida Statutes 812.13(1) and 812.13(2)(a).
Trial commenced on February 19, 2001. Jackson was represented by an Assistant Public Defender. On the second day of trial, after a number of State witnesses had testified, Jackson stated he wanted to end the proceedings by withdrawing his previously entered not guilty plea and entering a plea of no contest to all of the charges. The following colloquy then ensued:
Court: Sir, are you also entering a plea of no contest to Count Six as charged in the information, robbery with a deadly weapon being a firearm?
Jackson: Yes, ma'am.
Court: Do you understand, please, that is a life felony, the statutory maximum sentence that could be imposed is life? *943 Jackson, Yes, I understand.
Court: And the min max in that regard, please?
Prosecutor: Judge that would be the 25 to life.
Court: isthe minimum mandatory is
Prosecutor: It'sit's written in the statute as 25 years to life,
Court: Okay.
Prosecutor:so, that it's at the Court's discretion.
Court: The minimum sentence that could be imposed, sir, would be 25 years with the Department of Corrections, do you understand that?
Jackson: Yes.
Defense counsel admitted there was a sufficient factual basis as contained in affidavit and the evidence at trial to support a plea of no contest to the charges, and the plea was accepted by the court. The court noted it had not anticipated the entry of a plea that day, and stated it would give the parties three weeks until sentencing in order to research the applicable minimum mandatory sentences.
The parties reconvened for sentencing on March 21, 2001. The prosecutor stated the State would not be seeking minimum mandatory sentences on any of the counts except Count VI, since none of the other counts referenced the possession or usage of a firearm as grounds for enhancement. The following colloquy regarding Count VI then ensued:
Court: ... With regardyou're agreeing to Count VI and the min. mand. is that yourit's your position the min. mand. on that as well?
Prosecutor: Twenty five to life, Your Honor.
Court: Now on that, during the colloquy the Court specifically asked if he was entering a plea ofto that count and possessing a firearm?
Prosecutor: Yes, ma'am. Andand discuss the minimum mandatories with him as well.
Court: Good. Okay. And would you concur with that?
Defense: Yes, Your Honor.
The court then gave Jackson an oath and asked him the following:
Court: Mr. Jackson, when I took your plea on February 20th, you had pled as charged in the information, correct, sir?
Jackson: Yes, ma'am.
Court: And you and I discussed your plea to Count VI, which was charged as robbery with a deadly weapon being a firearm. I'm confirming with you, sir, that you wished to enter a plea of no contest to that charge, robbery with a deadly weapon being a firearm?
Jackson: Yes, ma'am.
Court: I'm going to have [Prosecutor] insert that in the plea petition, have you initial that please. I think that will just be cleaner in the future. I know that was a plea taken, but I noticed in the written plea petition it wasn't certain....
The written plea petition was subsequently amended to provide Jackson had pled no contest "As charged. Robbery with deadly weapon, firearm, min. mand. 25Life." Jackson was sentenced to Life on Count VI with a minimum mandatory sentence of 25 years. Jackson's Motion to Correct Sentencing Error pending appeal was denied and this matter is now before this court.
Jackson contends the crime to which he pled no contest was improperly reclassified under section 775.087(2)(a)3, Florida Statutes, even though all of the essential elements enunciated in that statute had not been pled in the information. We agree.
*944 Section 775.087(2)(a), Florida Statutes, the "10-20-Life" statute, provides for the enhancement of a crime where a firearm is possessed or used during the commission of certain enumerated crimes. In order to reclassify a crime under 10-20-Life, the grounds for enhancement must be charged in the information. See Gibbs v. State, 623 So.2d 551, 554-55 (Fla. 4th DCA 1993). Here, Jackson was sentenced pursuant to section 775.087(2)(a)3, Florida Statutes (1999), which provides:
Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraph(a)1.a.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a "firearm" or "destructive device" as define in s. 790.001 and, as the result of the discharge, death or great bodily harm was inflicted upon the person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.
(Emphasis supplied.) Although Jackson was charged with, and pled to, robbery, an enumerated offense, he was not charged with "discharging" a firearm during the commission of said felony, or of inflicting death or great bodily harm as the result of such. Rather, the information merely charged that Jackson had "carried" a firearm. Although an allegation of "carrying" a firearm can sustain a sentence under section 775.087(2)(a)1, it cannot sustain a sentence under section 775.087(2)(a)3. Since Jackson was not charged with "discharging" a firearm or causing great bodily harm or death as the result of such, his sentence under section 775.087(2)(a)3 cannot stand. See Gibbs, 623 So.2d at 554-55; see also Fulcher v. State, 766 So.2d 243 (Fla. 4th DCA 2000)(due process is violated where one is convicted of a crime where the indictment or information wholly omits to allege one or more of the essential elements of the crime).
Still, the State contends Jackson has waived any challenge to the sentence by way of his no contest plea. We disagree. The fact that Jackson and his counsel were under the mistaken belief that he was pleading to a charge that carried a 25 year mandatory minimum sentence does not transform the illegality of that sentence, where a crime with only a 10 year mandatory minimum sentence [775.087(2)(a)1.] had been pled in the information, and pled out to by Jackson. See Leavitt v. State, 810 So.2d 1032 (Fla. 1st DCA 2002) (reversing 20 year sentence on defendant's negotiated plea to a 2nd degree felony since the statutory maximum for a 2nd degree felony was 15 years; a defendant cannot agree to an illegal sentence); Vickers v. State, 630 So.2d 1229 (Fla. 2d DCA 1994). Moreover, the fact that the evidence presented before Jackson ended the proceedings by changing his plea established that he had in fact discharged a firearm resulting in great bodily harm during the commission of the robbery, does not transform the illegality of his sentence. He was only charged with "carrying" a firearm, not "discharging" a firearm resulting in great bodily harm, and accordingly he can be convicted only of such. See McEachern v. State, 388 So.2d 244, 246-48 (Fla. 5th DCA 1980) (vacating conviction for grand larceny by sheriff by way of his "official position" where the indictment failed to allege the essential elements of the offense; even though the evidence established he was guilty of said offense, the court reversed his conviction, stating, "[s]ince he was not so charged, we can only assume that the State did not intend to charge him with the higher degree of the crime, although we fail to *945 understand why it was done."). Jackson had no obligation to point out the defect in the information. Rather the State could have moved to amend the information to add the missing essential elements, a motion to which Jackson could have objected. See generally Toussaint v. State, 755 So.2d 170, 171-72 (Fla. 4th DCA 2000). Yet, at no time did the State move to amend the information to add the missing essential elements of "discharging" a firearm resulting in great bodily harm or death.
Jackson was charged only with, and pled no contest to, robbery while "carrying" a firearm, grounds for sentencing pursuant to section 775.087(2)(a)1. As such, we reverse Jackson's conviction under section 775.087(2)(a)3 on Count VI, and remand with instructions for the trial court to re-sentence him on that count pursuant to section 775.087(2)(a)1. To the extent our decision is in conflict with Brlecic v. State, 456 So.2d 503 (Fla. 2d DCA 1984), we certify conflict.
REVERSED and REMANDED.
GUNTHER and TAYLOR, JJ., concur.