939 So.2d 213 (2006)
VINCENT MOBLEY, Appellant,
v.
STATE OF FLORIDA, Appellee.
Case No. 1D05-5913.
District Court of Appeal of Florida, First District.
Opinion filed October 11, 2006.
Vincent Mobley, pro se, Appellant.
Charlie Crist, Attorney General, and Felicia A. Wilcox, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the denial of all but one of the appellant's claims.
The appellant entered a plea of guilty to two counts of armed robbery (counts four and five) in exchange for concurrent sentences of twenty-five years' imprisonment with twenty-year minimum mandatory terms for discharging a firearm. The appellant asserts that his twenty-year minimum mandatory sentence for count four is illegal because he was not charged with "discharging" a firearm under section 775.087(2)(a)2., Fla. Stat. (2002). Rather, the appellant was charged with "possession" of a firearm in count four, which carries a minimum mandatory term of only ten years' imprisonment under section 775.087(2)(a)1.
The grounds for enhancement of a sentence under 10-20-life must be charged in the information. See Jackson v. State, 852 So. 2d 941, 944 (Fla. 4th DCA 2003); Gibbs v. State, 623 So. 2d 551, 555 (Fla. 1st DCA 1993). The information charged the appellant with possessing a firearm in count four and discharging a firearm in count five. Because the appellant was charged with possessing a firearm in count four, he could not be sentenced on that count for discharging a firearm. Jackson, supra; Gibbs, supra. As to count four, the appellant's twenty-year minimum mandatory sentence is illegal because the information did not contain the grounds for enhancement. Whitehead v. State, 884 So. 2d 139 (Fla. 2d DCA 2004); Leath v. State, 805 So. 2d 956 (Fla. 2d DCA 2001). The fact that the appellant agreed to the twenty-year minimum mandatory sentence is irrelevant, as a defendant cannot agree to an illegal sentence. See Leavitt v. State, 810 So. 2d 1032 (Fla. 1st DCA 2002). Further, the state cannot use the allegation of discharge of a firearm in one count to support the enhancement of another count. Gibbs, 623 So. 2d at 555. Accordingly, we reverse and remand for the trial court to resentence the appellant on count four in accordance with section 775.087(2)(a)1. We affirm the denial of the appellant's motion in all other respects.
AFFIRMED in part, REVERSED in part, and REMANDED.
WEBSTER, BENTON, and VAN NORTWICK, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.