955 So.2d 1216 (2007)
Hatachi COKE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3228.
District Court of Appeal of Florida, Fourth District.
May 9, 2007.
Hatachi Coke, Milton, pro se.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The appellant, Hatachi Coke, seeks review of an order denying his rule 3.800(a) motion to correct illegal sentence. Coke *1217 alleges his 25-year minimum mandatory sentence, imposed pursuant to section 775.087(2)(a)3., Florida Statutes, is illegal because the information did not sufficiently allege death or great bodily injury, despite the jury finding of great bodily injury for shooting the victim in the legs. We disagree and affirm.
In pertinent part, the State charged Coke, by information, with aggravated battery, by alleging:
HATACHI O. COKE on or about August 25, 2000, in the County of Palm Beach and State of Florida, while in possession of a firearm, did actually and intentionally touch or strike FERNIE EMMANUEL against the will of FERNIE EMMANUEL, and in doing so used a pistol which HATACHI O. COKE discharged at FERNIE EMMANUEL, shooting FERNIE EMMANUEL in the legs, and used a firearm a deadly weapon, contrary to Florida Statutes 784.045(1)(a)2 and 775.087(2). (2 DEG FEL)
(Emphasis added). The jury found Coke guilty as charged and made a specific finding of fact that the victim suffered great bodily injury.
For the trial court to enhance the sentence, pursuant to section 775.087(2)(a)3., Florida Statutes (2000), the "grounds for enhancement must be charged in the information" and the jury must make a factual finding concerning those grounds. Dallas v. State, 898 So.2d 163, 165 (Fla. 4th DCA 2005) (citing Jackson v. State, 852 So.2d 941, 944 (Fla. 4th DCA 2003)); see also Davis v. State, 884 So.2d 1058 (Fla. 2d DCA 2004).[1] To impose the 25-year minimum mandatory enhancement, the information must allege Coke discharged a firearm and caused great bodily harm, and the jury must have made factual findings as to these grounds.
We conclude these requirements were satisfied in this case. First, the information made specific reference to the enhancement statute. Second, the information alleged the defendant shot the victim in the legs, which we find sufficiently advised the defendant of the "great bodily harm" element. We do not believe due process requires any more specificity. In fact, the allegations are more specific than simply alleging "great bodily harm." Under this factual scenario, the information sufficiently put the defendant on notice of the likelihood of enhanced sentencing, pursuant to section 775.087(2)(a)3., Florida Statutes. And, the jury specifically found that the victim suffered great bodily harm.
Affirmed.
STONE, POLEN and MAY, JJ., concur.
NOTES
[1] Each of these cases reversed sentences under section 775.087, Florida Statutes, but under distinguishable factual circumstances.