996 So.2d 226 (2008)
John LANE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1230.
District Court of Appeal of Florida, Fourth District.
October 22, 2008.
Rehearing Denied December 17, 2008.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
*227 Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm, without discussing, Lane's conviction and sentence for first-degree murder and convictions on two counts of robbery. We reverse the robbery sentences as unauthorized.
The indictment for the two armed robbery counts reads, in relevant part, that "during the commission of this felony JOHN S. LANE carried, displayed or used a firearm, to wit: a handgun, contrary to Section 812.13(1) and (2)(a) and 775.087 of the Florida Statute."
Section 775.087, Florida Statutes, provides, in pertinent part:
(2) (a) 1. Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for:
* * *
c. Robbery;
* * *
and during the commission of the offense, such person actually possessed a "firearm" or "destructive device" as those terms are defined in s. 790.001, shall be sentenced to a minimum term of imprisonment of 10 years....
* * *
3. Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)1.a.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a "firearm" or "destructive device" as defined in s. 790.001 and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.
§ 775.087(2)(a)1 & 3, Fla. Stat. (emphasis added).
Known as the "10-20-Life" statute, section 775.087 "provides for the enhancement of a crime where a firearm is possessed or used during the commission of certain enumerated crimes." Jackson v. State, 852 So.2d 941, 944 (Fla. 4th DCA 2003). To enhance the sentence pursuant to this statute, "the grounds for enhancement must be charged in the information and the jury must make a factual finding concerning those grounds." Coke v. State, 955 So.2d 1216, 1217 (Fla. 4th DCA 2007) (internal quotation and citation omitted).
In Jackson, 852 So.2d at 944, this court reversed the enhanced sentence pursuant to section 775.087(2)(a)3 where the defendant "was not charged with `discharging' a firearm during the commission of said felony, or of inflicting death or great bodily harm as the result of such." There, "the information merely charged that Jackson had `carried' a firearm." Id. However, this court concluded that the "allegation of `carrying' a firearm can sustain a sentence under section 775.087(2)(a)1" and remanded with instructions to resentence pursuant to the proper subsection. Id. at 944-45; cf. Coke, 955 So.2d at 1217 (affirming the twenty-five year minimum mandatory enhancement where the information (1) expressly referred to the enhancement statute, and (2) alleged that defendant shot victim in the legs, which "advised the defendant of the `great bodily harm' element").
The trial court sentenced Lane to life without parole on count I (murder), and to *228 life in prison on both counts II and III (armed robbery), with a twenty-five year mandatory minimum sentence under section 775.087(2) and (3).
The indictment did not allege that Lane discharged the firearm or that as a result of that, death or great bodily harm was inflicted. The state concedes that the twenty-five year mandatory minimum sentence "should be stricken."
Similar to the result in Jackson, we remand for re-sentencing pursuant to section 775.087(2)(a)1, as it appears that the allegation that Lane "carried" a firearm "can sustain a conviction under" that section. Jackson, 852 So.2d at 944. The other sentencing issue raised is not considered, as it is moot.
WARNER and DAMOORGIAN, JJ., concur.