QUINCE, C.J.
 

 This case is before the Court for review of the decision of the Fifth District Court of Appeal in
 
 Bradley v. State,
 
 971 So.2d 957, 958 (Fla. 5th DCA 2007). The district court certified that its decision is in direct conflict with the decision of the Fourth District Court of Appeal in
 
 Jackson v. State,
 
 852 So.2d 941 (Fla. 4th DCA 2003). We have jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we approve the result reached by the Fifth District in
 
 Bradley,
 
 and disapprove the results in
 
 Jackson
 
 and
 
 Mobley v. State,
 
 939 So.2d 213 (Fla. 1st DCA 2006), to the extent they hold that a defendant’s plea may not constitute an express waiver of a defective charging document that fails to allege the proper grounds for sentence enhancement.
 

 FACTS AND PROCEDURAL HISTORY
 

 Ricky Bradley was charged by information with robbery with a firearm in violation of sections 812.13(1) and (2)(a), Florida Statutes (2002).
 
 See Bradley,
 
 971 So.2d at 958. Citing section 775.087(2), Florida Statutes (2002), the information alleged that while committing the robbery Bradley was in possession of and carried a firearm.
 
 See id.
 
 Bradley later entered a plea of nolo contendere to robbery with a firearm pursuant to a plea agreement. The plea agreement called for a twenty-year mandatory minimum prison sentence that resulted from his discharge of a fire
 
 *1169
 
 arm during the robbery. Prior to entry of his plea, Bradley’s counsel stated on the record that Bradley was subject to the twenty-year mandatory minimum term under section 775.087(2), Florida Statutes (2002).
 
 See id.
 

 Although Bradley did not appeal his conviction and sentence, Bradley did subsequently file a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800.
 
 See Bradley,
 
 971 So.2d at 958. Bradley argued that his twenty-year mandatory minimum sentence pursuant to section 775.087(2), Florida Statutes (2002), was illegal because the information charging him with robbery did not allege that he discharged a firearm during the commission of the robbery. The trial court denied the motion.
 
 See id.
 

 The Fifth District Court of Appeal affirmed the trial court’s denial of relief and certified conflict with the Fourth District Court of Appeal on the issue of whether a defendant’s nolo contendere plea constitutes a waiver of a defective charging document that fails to allege the proper grounds for sentence enhancement pursuant to section 775.087(2), Florida Statutes.
 
 See Bradley,
 
 971 So.2d at 961. In
 
 Bradley,
 
 the Fifth District held that the defendant’s explicit plea to discharge of a firearm during the commission of a robbery constituted a waiver of the missing element.
 
 See id.
 
 at 961. In contrast, under similar circumstances, the Fourth District Court of Appeal in
 
 Jackson v. State,
 
 852 So.2d 941 (Fla. 4th DCA 2003), held that the defendant’s explicit plea to discharge of a firearm resulting in great bodily harm during the commission of a robbery did not constitute a waiver of the defective information.
 
 See id.
 
 at 944.
 

 Bradley petitioned this Court for discretionary review, and we accepted review to resolve the conflict that exists between the district courts of appeal.
 

 ANALYSIS
 

 The District Courts
 

 The Florida district courts disagree about whether a defendant’s nolo conten-dere plea may constitute a waiver of a defective charging document that fails to allege the proper grounds for sentence enhancement pursuant to section 775.087(2), Florida Statutes. In
 
 Jackson,
 
 the defendant pled no contest to eight counts, one of which was robbery with a deadly weapon, a firearm. The defendant claimed that his plea to that felony was improperly reclassified under section 775.087(2)(a)3, Florida Statutes (1999), because the information did not allege that he “discharged” a firearm or inflicted death or great bodily harm.
 
 See
 
 852 So.2d at 942-44. The information only charged that the defendant “carried” a firearm.
 
 See id.
 
 at 944. The Fourth District concluded that an allegation of “carrying” a firearm cannot sustain a sentence enhancement under section 775.087(2)(a)3; therefore, the defendant’s sentence could not stand.
 
 See id.
 
 The district court held that the defendant did not waive any challenge to the sentence by way of his no contest plea.
 
 See id.
 
 The court reasoned that even though Jackson and his counsel were under a mistaken belief that he was pleading to a charge that carried a twenty-five-year mandatory minimum sentence that fact does not make the sentence legal where the information charged a crime with only a ten-year mandatory minimum sentence.
 
 See id.
 
 (citing
 
 Leavitt v. State,
 
 810 So.2d 1032 (Fla. 1st DCA 2002);
 
 Vickers v. State,
 
 630 So.2d 1229 (Fla. 2d DCA 1994)).
 

 The First District Court of Appeal held similarly in
 
 Mobley v. State,
 
 939 So.2d 213 (Fla. 1st DCA 2006). Mobley entered a plea of guilty to two counts of armed robbery pursuant to a plea agreement. The plea agreement called for concurrent sen
 
 *1170
 
 tences of twenty-five years’ imprisonment with twenty-year mandatory minimum terms for discharging a firearm.
 
 See id.
 
 at 213. The defendant contended that his twenty-year mandatory minimum sentence was illegal because the information did not charge him with “discharging” a firearm under section 775.087(2)(a)2, Florida Statutes (2002). The information charged the defendant with “possession” of a firearm, which carried a mandatory minimum term of only ten years’ imprisonment under section 775.087(2)(a)1.
 
 See id.
 
 The First District agreed, holding that because the defendant was only charged with possessing a firearm he could not be sentenced for discharging a firearm.
 
 See id.
 
 at 214 (citing
 
 Jackson,
 
 852 So.2d at 944;
 
 Gibbs v. State,
 
 623 So.2d 551, 555 (Fla. 4th DCA 1993)). The district court concluded that the grounds for enhancement of a sentence under section 775.087(2) must be charged in the information.
 
 See id.
 
 (citing
 
 Jackson,
 
 852 So.2d 941;
 
 Gibbs,
 
 623 So.2d 551). The court noted that the mere fact that the defendant agreed to the twenty-year mandatory minimum sentence was irrelevant.
 
 See id.
 
 (citing
 
 Leavitt,
 
 810 So.2d 1032).
 

 In contrast to the First and Fourth Districts, in
 
 Bradley,
 
 the case that is now before this Court, the Fifth District held that Bradley’s explicit plea to discharge of a firearm during the commission of a robbery constituted a waiver of the missing discharge element.
 
 See
 
 971 So.2d at 960. The district court reasoned that even though the information failed to charge the discharge of a firearm element, the record demonstrates that Bradley was specifically advised of what offense he was pleading to under section 775.087(2) and that he was exposing himself to a twenty-year mandatory minimum sentence required for discharge of a firearm.
 
 See id.
 
 at 961. Additionally, the district court found that the plea proceeding reflected that Bradley was sufficiently put on notice that he was subject to the twenty-year mandatory minimum sentence due to his discharge of a firearm during the robbery.
 
 See id.
 
 The Fifth District disagreed with the
 
 Jackson
 
 opinion because it found that the Fourth District placed a premium on form at the expense of substance and the defendant in
 
 Jackson
 
 could not credibly argue that he was not aware of his plea agreement terms.
 
 See Bradley,
 
 971 So.2d at 961.
 

 This Case
 

 The Fifth District in
 
 Bradley
 
 affirmed the trial court’s denial of relief on Bradley’s claim that his twenty-year mandatory minimum sentence pursuant to section 775.087(2) was illegal because the information charging him with robbery did not allege that he discharged a firearm during the commission of the robbery. The Fifth District held that Bradley’s explicit plea to discharge of a firearm during the commission of a robbery constituted a waiver of the missing element.
 
 See
 
 971 So.2d at 961. We agree and hold that the defect in the charging information was cured by the plea to the charge.
 
 See
 
 Fla. R.Crim. P. 3.190;
 
 Deparvine v. State,
 
 995 So.2d 351, 373-74 (Fla.2008).
 

 In the instant case, Count II of the information alleged:
 

 IN THAT RICKY BRADLEY, on or about August 11, 2002, in the County of VOLUSIA and State of Florida, by force, violence, assault, or putting in fear, did knowingly take away cash and/or u.s. [sic] currency, of some value, from the person or custody of [victim], with the intent to permanently or temporarily deprive [victim] or any other person not the defendant(s) of the property, and in the course of committing the robbery RICKY BRADLEY
 
 was in possession of and carried a firearm, contrary to Florida Statutes 812.13(1) and
 
 
 *1171
 

 (2)(a) and 775.087(2).
 
 (1DEG FEL, PBL)
 

 (Emphasis added.)
 

 Where a firearm is possessed or used during the commission of certain enumerated crimes, section 775.087(2)(a), Florida Statutes, often referred to as the 10/20/ Life statute, requires the imposition of a mandatory minimum sentence.
 
 See
 
 § 775.087(2)(a)1-3, Fla. Stat. (2007). Bradley was sentenced pursuant to section 775.087(2)(a)2, Florida Statutes (2002), which provides:
 

 Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)1.a.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person
 
 discharged a “firearm” or “destructive device
 
 ” as defined in s. 790.001 shall be sentenced to a minimum term of imprisonment of 20 years.
 

 (Emphasis added.)
 

 Prior to Bradley entering his plea of nolo contendere to robbery with a firearm, his counsel informed the court:
 

 [PJursuant to negotiations with the [S]tate of Florida[,] Mr. Bradley is going to withdraw his not guilty pleas as to attempted felony murder and armed robbery with a firearm. He’s going to be pleading no contest to each count of the information. There’s going to be a stipulation that the injuries to the victim ... were moderate. What this does is take it out of the 25 year mandatory sentencing under the 10/20/life bill. Which if they were deemed to be severe injuries!,] it would be a mandatory 25.
 

 The agreement is pursuant to the 10/20/life bill he is still exposed,
 
 because the firearm ivas discharged,
 
 to 20 years mandatory. He will be sentenced to 20 years in the state prison with the expectations [sic] he will have to serve 20 years day for day with credit for time served. I’ve explained to him the only way he’ll get out in less than 20 years is if some how the laws change and it applies to it. But as it stands now[,] he’s got to do 20 years.
 

 (Emphasis added.) Moreover, during the plea proceeding, the court asked Bradley’s counsel for a factual basis. Bradley’s counsel replied: “We would stipulate the facts alleged in the complaint affidavit in the court file would provide a prima facie case for each charge pled to.” The charging affidavit states that Bradley pulled the trigger of the handgun twice but it misfired. On the third trigger pull, Bradley shot the victim in the lower abdomen. Therefore, when Bradley entered his plea he stipulated to the fact that he discharged a firearm during the commission of the robbery.
 

 Bradley’s explicit plea to the discharge of a firearm constituted an express waiver of the defect in the charging information. Bradley stipulated to the facts alleged in the charging affidavit, and Bradley’s voluntary agreement to the plea was predicated upon a sentence that incorporated discharge of the firearm during the offense. Due process was not violated because Bradley voluntarily pled nolo contendere to the robbery charge in order to receive a twenty-year mandatory minimum sentence to avoid a life term, and he stipulated to the factual basis for the sentence. Therefore, Bradley’s plea agreement and the ensuing factual stipulation reflects that he understood the nature and consequences of his plea, negating any notion that he was misled or prejudiced. Thus, contrary to the language from
 
 Jackson
 
 and
 
 Mobley,
 
 a defendant’s plea may constitute an express waiver of a defective charging document when he stipulates to facts which include any missing element and voluntarily pleads to a sentence that incorporates the missing element.
 

 
 *1172
 
 CONCLUSION
 

 We therefore approve the result reached by the Fifth District in
 
 Bradley
 
 to the extent it is consistent with this opinion. We disapprove
 
 Jackson
 
 and
 
 Mobley
 
 to the extent they are inconsistent with this opinion.
 

 It is so ordered.
 

 WELLS, PARIENTE, LEWIS, and CANADY, JJ., concur.
 

 POLSTON and LABARGA, JJ., did not participate.