DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE MARTINEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2076

[June 3, 2015]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert R. Makemson, Judge; L.T. Case No. 561999CF4171.

Jose Martinez, Live Oak, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nicholas I. Igwe, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.,

The defendant appeals an order denying his Rule 3.800(a) motion to correct an illegal sentence, in which he challenged a ten-year mandatory minimum sentence imposed under the 10-20-Life law. More than a decade after his conviction and sentence, he claims the mandatory minimum sentence was illegal because the information failed to expressly allege he had "actual possession" of a firearm, thereby failing to provide him sufficient notice that the firearm enhancement would apply. We disagree and affirm.

The State charged the defendant with robbery while carrying a firearm. A jury convicted him as charged. In a special interrogatory, the jury found that he was in "actual possession" of the firearm during the offense. The court sentenced the defendant to twenty-five years and imposed a ten-year mandatory minimum sentence under the 10-20-Life law. § 775.087(2)(a)1., Fla. Stat. (1999). We affirmed his conviction and sentence. *Martinez v. State*, 801 So. 2d 944 (Fla. 4th DCA 2001) (unpublished table decision). He did not challenge the sufficiency of the

allegations in the information as they related to the imposition of the mandatory minimum in his direct appeal.

In March 2014, the defendant filed his Rule 3.800(a) motion challenging the ten-year mandatory minimum as an illegal sentence. He claimed the mandatory minimum part of his sentence was illegal because the information did not charge him with "actual possession." The information charged:

> December 17, 1999 Jose Martinez did take certain property, to-wit: apparel and/or merchandise, from the person or custody of [the victims], with the intent to permanently or temporarily deprive the said person or owner of the property, and in the course of the taking there was the use of force, violence, assault, or putting in fear, and in the course of committing the robbery carried a firearm or other deadly weapon, to-wit: a firearm in violation of Florida Statutes 812.13(1) and 812.13(2)(a).

The trial court denied the motion finding that the defendant did not establish an illegal sentence that could be remedied under Rule 3.800(a). The court noted that the information charged that the defendant "carried" a firearm.

An illegal sentence subject to correction under Rule 3.800(a) must be one that no judge under the entire body of sentencing laws could possibly impose under any set of factual circumstances. *Wright v. State*, 911 So. 2d 81, 83 (Fla. 2005); *Carter v. State*, 786 So. 2d 1173, 1181 (Fla. 2001). The illegality must be of a fundamental nature and clear from the face of the record. *Wright*, 911 So. 2d at 83–84.

We have held that an information alleging a defendant "carried" a firearm during an offense provides sufficient notice to sustain a mandatory minimum for "actual possession" of a firearm. *Altieri v. State*, 835 So. 2d 1181, 1185 (Fla. 4th DCA 2002).[1] In *Grant v. State*, 138 So. 3d 1079 (Fla. 4th DCA 2014), we held that the legal requirements for carrying a firearm were not equivalent to the statutory requirement that a defendant be found

---

[1] In other cases, however, we have held that the allegation of "carrying" a firearm is insufficient to impose a twenty-year mandatory minimum sentence for discharging a firearm regardless of a jury finding that the defendant discharged the gun. *See, e.g., Lane v. State*, 996 So. 2d 226, 227 (Fla. 4th DCA 2008); *Inmon v. State*, 932 So. 2d 518, 520 (Fla. 4th DCA 2006).

in "actual possession" for purposes of sentencing. The lack of a jury finding of "actual possession" rendered the mandatory minimum sentence illegal. *Id.* at 1085. Here, the jury made an express finding of "actual possession." Therefore, *Grant* is distinguishable.

We acknowledge that the First District reached a different conclusion in *Arnett v. State*, 128 So. 3d 87 (Fla. 1st DCA 2013). There, the defendant was charged with possession of a firearm by a convicted felon. *Id.* at 88. The jury found him guilty of actually possessing a firearm, and the court imposed a mandatory minimum sentence. *Id.*

The defendant filed a Rule 3.800(a) motion, requesting the court to vacate the mandatory minimum sentence because the charging document charged him with possession, not "actual" possession. *Id.* at 87–88. The First District held that the failure of the charging document to allege actual possession was fatal to the imposition of the mandatory minimum. *Id.* at 88. We simply disagree with the First District that the failure to allege "actual possession" renders an otherwise legal sentence illegal. It is contrary to our precedent, and we see no reason to deviate from our precedent.

The defendant knew he was charged with armed robbery. He was on notice that his actual possession of a firearm was a factual issue to be submitted to the jury. Had the defendant been concerned about the mandatory minimum sentence, the defendant could have objected to both the special interrogatory and the imposition of the mandatory minimum. He did neither. And, he did not raise the insufficiency of the information, the special interrogatory, or the mandatory minimum sentence on direct appeal.

Unless the defendant was prejudiced, the defect in the charging document could have been corrected if a timely objection had been made. A defendant should not be able to raise this issue more than a decade after the fact in a Rule 3.800(a) motion. Our supreme court has recognized that a defendant can waive the failure to precisely charge grounds for a mandatory minimum under the 10-20-Life law. *Bradley v. State*, 3 So. 3d 1168, 1171 (Fla. 2009). We disagree that this alleged charging defect results in an illegal sentence subject to correction at any time under Rule 3.800(a).

*Affirmed.*

FORST, J., concurs.
TAYLOR, J., dissents with opinion.

3

TAYLOR, J., dissenting.

I would reverse the ten-year mandatory minimum sentence imposed in this case, because although the jury made a finding that the defendant was in "actual possession" of the firearm during the robbery, the information did not charge the defendant with being in actual possession of the firearm. It charged only that, in the course of committing the robbery, the defendant "carried" a firearm. The ten-year mandatory minimum applies only where a person "actually possessed" a firearm during the commission of an enumerated offense. Actual possession, as defined in section 775.087(4), means the defendant carried the firearm on his person or had it within immediate physical reach with ready access with the intent to use the firearm during the commission of the offense. The information in this case did not allege any of these elements required for the imposition of the minimum mandatory sentence under the 10-20-Life statute, section 775.087(2)(a)1., Florida Statutes (1999).

As we explained in *Grant v. State,* 138 So. 3d 1079, 1086 (Fla. 4th DCA 2014), the legal definition of "carrying" a firearm (within the meaning of section 812.13(2)(a) for a robbery conviction) is not equivalent to the legal definition of "actual possession" of a firearm for a mandatory minimum sentence under the 10-20-Life statute.[2] In *Grant,* the defendant challenged the legality of the ten-year mandatory minimum portion of his sentence, entered pursuant to section 775.087(2)(a). We reversed the sentence on direct appeal "because Grant was not charged under section 775.087(2)(a) with actually possessing a firearm, 'during the commission of the offense,' nor did the jury make such a finding. Rather, both the amended information and the special interrogatory submitted to the jury focused on whether Grant 'carried' a firearm . . . ." *Id.* at 1085. The ten-year mandatory minimum applies only where a person "actually possessed" a firearm during the commission of an enumerated offense. In *Grant,* we explained that section 775.087(4) "explicitly defines 'possession' in a way that narrows the type of constructive possession that qualifies for the mandatory minimum sentence." *Id.* at 1086. For purposes of imposing a minimum mandatory sentence under section 775.087(2)(a)1., "possession" of a firearm is defined as "carrying it on the person" or having it "within immediate physical reach with ready access with the intent to use the firearm during the commission of the offense." *Id.* (quoting § 775.087(4), Fla. Stat.).

---

[2] For example, because the term "carry" may mean to "convey" or "transport," a person who drives a car with a firearm in the trunk could "carry" a firearm without actually possessing the firearm under section 775.087.

4

Citing *Arnett v. State*, 128 So. 3d 87, 88 (Fla. 1st DCA 2013), we stated in *Grant* that "to enhance a defendant's sentence under section 775.087(2), the grounds for enhancement must be clearly charged in the information." In *Arnett*, the information charged that the defendant "possessed" a firearm but did not allege that he "actually possessed" the firearm. *Id.* at 88. The First District held that a jury finding that the appellant "actually possessed" a firearm did not cure this charging defect, and reversed the three-year minimum mandatory sentence. *See also Green v. State*, 18 So. 3d 656, 659 (Fla. 2d DCA 2009) (holding that the trial court committed fundamental error by reclassifying the defendant's trafficking offense to a life felony based on the jury's finding that the defendant was in "actual possession" of a firearm, where the information did not allege that the defendant was in actual possession of a firearm; it alleged only that he "carried, displayed, used, threatened to use or attempted to use" a firearm).

In this case, the information alleged that, during the commission of the robbery, the defendant "carried a firearm or other deadly weapon." It did not allege that he actually possessed a firearm or that he carried a firearm on his person, or allege any other facts that fell within the statutory definition of actual possession. Further, the information failed to even refer to section 775.087(2)(a)1., Florida Statutes. Although the jury made a finding that the defendant actually possessed a firearm, this finding was not sufficient for the imposition of the minimum mandatory sentence due to the charging defect. "It is a basic tenet of constitutional law that due process is violated when an individual is convicted of a crime not charged in the charging instrument." *Grant*, 138 So. 3d at 1086 (citations and internal quotation marks omitted).

To the extent some of our earlier cases have found an allegation that the defendant "carried" a firearm to be sufficient to sustain a mandatory minimum sentence for actual possession under section 775.087(2)(a)1., we should recede from those holdings. *See, e.g., Lane v. State*, 996 So. 2d 226, 227 (Fla. 4th DCA 2008); *Jackson v. State*, 852 So. 2d 941, 944 (Fla. 4th DCA 2003), *disapproved of on other grounds by Bradley v. State*, 3 So. 3d 1168 (Fla. 2009). An allegation that the defendant carried a firearm does not necessarily mean that he carried it on his person or was otherwise in actual possession of it. Due process requires that the statutory elements for sentence enhancement be precisely charged in the information or indictment to provide the accused with sufficient notice that he faces an increased sentence.

Although actual prejudice to the fairness of the trial is ordinarily the test for granting relief based on a defect in the charging document, a conviction based on an indictment or information that wholly omits to allege an essential element of the crime violates due process. *State v. Gray*, 435 So. 2d 816, 818 (Fla. 1983). A trial court fundamentally errs in imposing a minimum mandatory sentence under section 775.087(2)(a) based on a jury finding that the defendant actually possessed a firearm, when the information did not charge that he actually possessed a firearm. Thus, contrary to the suggestion by the majority that the defendant should not be able to raise this issue in a postconviction motion years later, the charging defect can be raised at any time, and no waiver can be found, except where the defendant has entered a plea to the defective charging document, stipulated to facts which include any missing element, and voluntarily pleaded to a sentence that incorporates the missing element. *See Bradley*, 3 So. 3d at 1171.

Accordingly, I would reverse the mandatory minimum sentence and remand this case for resentencing.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***