TAYLOR, J.,
dissenting.
I would reverse the ten-year mandatory minimum sentence imposed in this case, because although the jury made a finding that the defendant was in “actual possession” of the firearm during the robbery, the information did not charge the defendant with being in actual possession of the firearm. It charged only that, in the course of committing the robbery, the defendant “carried” a firearm. The ten-year mandatory minimum applies only where a person “actually possessed” a firearm during the commission of an enumerated offense. Actual possession, as defined in section 775.087(4), means the defendant *173 carried the firearm on his person or had it within immediate physical reach with ready access with the intent to use the firearm during the commission of the offense. The information in this case did not allege any of these elements required for the imposition of the minimum mandatory sentence under the 10-20-Life statute, section 775.087(2)(a)l., Florida Statutes (1999).
As we explained in Grant v. State, 138 So.3d 1079, 1086 (Fla. 4th DCA 2014), the legal definition of “carrying” a firearm (within the meaning of section 812.13(2)(a) for a robbery conviction) is not equivalent to the legal definition of “actual possession” of a firearm for a mandatory minimum sentence under the 10-20-Life statute.[1] In Grant, the defendant challenged the legality of the ten-year mandatory minimum portion of his sentence, entered pursuant to section 775.087(2)(a). We reversed the sentence on direct appeal “because Grant was not charged under section 775.087(2)(a) with actually possessing a firearm, ‘during the commission of the offense,’ nor did the jury make such a finding. Rather, both the amended information and the special interrogatory submitted to the jury focused on whether Grant ‘carried’ a firearm....” Id. at 1085. The ten-year mandatory minimum applies only where a person “actually possessed” a firearm during the commission of an enumerated offense. In Grant, we explained that section 775.087(4) “explicitly defines ‘possession’ in a way that narrows the type of constructive possession that qualifies for the mandatory minimum sentence.” Id. at 1086. For purposes of imposing a minimum mandatory sentence under section 775.087(2)(a)l., “possession” of a firearm is defined as “carrying it on the person” or having it “within immediate physical reach with ready access with the intent to use the firearm during the commission of the offense.” Id. (quoting § 775.087(4), Fla. Stat.).
Citing Arnett v. State, 128 So.3d 87, 88 (Fla. 1st DCA 2013), we stated in Grant that “to enhance a defendant’s sentence under section 775.087(2), the grounds for enhancement must be clearly charged in the information.” In Arnett, the information charged that the defendant “possessed” a firearm but did not allege that he “actually possessed” the firearm. Id. at 88. The First District held that a jury finding that the appellant “actually possessed” a firearm did not cure this charging defect, and reversed the three-year minimum mandatory sentence. See also Green v. State, 18 So.3d 656, 659 (Fla. 2d DCA 2009) (holding that the trial court committed fundamental error by reclassifying the defendant’s trafficking offense to a life felony based on the jury’s finding that the defendant was in “actual possession” of a firearm, where the information did not allege that the defendant was in actual possession of a firearm; it alleged only that he “carried, displayed, used, threatened to use or attempted to use” a firearm).
In this case, the information alleged that, during the commission of the robbery, the defendant “carried a firearm or other deadly weapon.” It did not allege that he actually possessed a firearm or that he carried a firearm on his person, or allege any other facts that fell within the statutory definition of actual possession. Further, the information failed to even refer to section 775.087(2)(a)l., Florida Statutes. Although the jury made a finding that the defendant actually possessed a *174 firearm, this finding was not sufficient for the imposition of the minimum mandatory sentence due to the charging defect. “It is a basic tenet of constitutional law that due process is violated when an individual is convicted of a crime not charged in the charging instrument.” Grant, 138 So.3d at 1086 (citations and internal quotation marks omitted).
To the extent some of our earlier cases have found an allegation that the defendant “carried” a firearm to be sufficient to sustain a mandatory minimum sentence for actual possession under section 775.087(2)(a)l., we should recede from those holdings. See, e.g., Lane v. State, 996 So.2d 226, 227 (Fla. 4th DCA 2008); Jackson v. State, 852 So.2d 941, 944 (Fla. 4th DCA 2003), disapproved of on other grounds by Bradley v. State, 3 So.3d 1168 (Fla.2009). An allegation that the defendant carried a firearm does not necessarily mean that he carried it on his person or was otherwise in actual possession of it. Due process requires that the statutory elements for sentence enhancement be precisely charged in the information or indictment to provide the accused with sufficient notice that he faces an increased sentence.
Although actual prejudice to the fairness of the trial is ordinarily the test for granting relief based on a defect in the charging document, a conviction based on an indictment or information that wholly omits to allege an essential element of the crime violates due process. State v. Gray, 435 So.2d 816, 818 (Fla.1983). A trial court fundamentally errs in imposing a minimum mandatory sentence under section 775.087(2)(a) based on a jury finding that the defendant actually possessed a firearm, when the information did not charge that he actually possessed a firearm. Thus, contrary to the suggestion by the majority that the defendant should not be able to raise this issue in a postconviction motion years later, the charging defect can be raised at any time, and no waiver can be found, except where the defendant has entered a plea to the defective charging document, stipulated to facts which include any missing element, and voluntarily pleaded to a sentence that incorporates the missing element. See Bradley, 3 So.3d at 1171.
Accordingly, I would reverse the mandatory minimum sentence and remand this case for resentencing.

. For example, because the term "carry” may mean to "convey" or "transport," a person who drives a car with a firearm in the trunk could "carry” a firearm without actually possessing the firearm under section 775.087.