# Third District Court of Appeal

## State of Florida

Opinion filed November 18, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1441
Lower Tribunal No. 09-25476B
_____


**Keenya Young,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Keenya Young, in proper person.

Ashley Moody, Attorney General, for appellee.


Before SCALES, HENDON, and MILLER, JJ.

PER CURIAM.

Affirmed. See <u>Tisdale v. State</u>, 282 So. 3d 998, 1000 (Fla. 3d DCA 2019) ("Rule 3.850 provides a 'two-year time limitation for filing motions for postconviction relief.'") (citation omitted); <u>see also</u> <u>Bradley v. State</u>, 3 So. 3d 1168, 1171 (Fla. 2009) ("[Defendant's] explicit plea to [the crime as charged] constituted an express waiver of [a] defect in the charging information."); <u>Robinson v. State</u>, 373 So. 2d 898, 902 (Fla. 1979) ("Once a defendant enters a plea of guilty, the only points available for an appeal concern actions which took place contemporaneously with the plea. A plea of guilty cuts off any right to an appeal from court rulings that preceded the plea in the criminal process including independent claims relating to deprivations of constitutional rights that occur prior to the entry of the guilty plea."); <u>Harvin v. State</u>, 385 So. 2d 119, 119 (Fla. 3d DCA 1980) (As "no allegation that the plea itself was not knowingly and voluntarily entered, or was otherwise subject to legal challenge, the motion [for postconviction relief] was properly denied without evidentiary hearing."); § 812.13(3)(a), Fla. Stat. ("An act shall be deemed 'in the course of committing the robbery' if it occurs in an attempt to commit robbery or in flight after the attempt or commission.").